# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| **SHIRLEY ANN BARNARD and husband** | ) | |
| **RONNIE ALLEN BARNARD,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:07-cv-118** |
| | ) | **(Phillips)** |
| **WAL-MART STORES EAST, L.P.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Wal-Mart Stores East, L.P.'s Motion for

Summary Judgment [Doc. 67]. For the reasons that follow, defendant's motion is **DENIED**.

## I.    BACKGROUND

On March 22, 2006, plaintiff Shirley Ann Barnard arrived at the premises of defendant Wal-

Mart Stores East, L.P. ("Wal-Mart"), located at 6777 Clinton Highway in Knoxville, Tennessee, to

do some shopping. En route to Wal-Mart, Barnard listened to a radio report regarding increased

incidents in the Knoxville area of purse snatchings in parking lots. The radio report warned listeners

to exercise caution in public parking lots, particularly if approached. At around this time, non-

parties Stacy Campbell and Hope Sharp arrived at Wal-Mart. Campbell and Sharp had been awake

for several days, binging on drugs and alcohol.

The parties dispute whether Campbell and Sharp were in the store prior to the following

incident. Plaintiff alleges that Campbell and Sharp had been ejected from the Wal-Mart immediately

prior to the following incident; defendant alleges that Campbell and Sharp were never in the store.

-1-

In any event, as plaintiff walked toward the entrance of the store, Campbell approached plaintiff in her car, with Sharp in the passenger seat. They asked plaintiff for money for gas to tide them over until pay day. Despite having just heard radio reports warning of such behavior, Barnard complied. As Barnard reached into her pocket for money, Sharp reached out and grabbed Barnard's purse and told Campbell to drive away. Barnard's arm and hand were caught in her purse strap, however, and as Campbell and Sharp drove off, Barnard was dragged behind the car. Sharp pounded on Barnard's hand to break her free; Barnard alleges she was dragged approximately twenty-five yards before breaking loose of the purse strap and tumbling to a stop.

As a result of this incident, Barnard suffered multiple physical injuries, for which she underwent surgery, physical therapy, and a "long period of convalescence." She has further alleged emotional distress and trauma and that she was terminated from her job due to her extensive injuries.

Plaintiff initiated this suit in the Circuit Court for Knox County, Tennessee. With regard to defendant Wal-Mart, plaintiff alleges that Wal-Mart knew or should have known of criminal acts on its premises but failed to take reasonable steps to prevent them. Plaintiff's late husband, Ronnie Allen Barnard, sued for loss of consortium; after his death, plaintiff assumed his claims. [Doc. 82]. The action was removed to this court under this court's diversity jurisdiction. [Docs. 1, 3, 4].

Defendant Wal-Mart now moves for summary judgment.

## II.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must construe the facts and draw all inferences therefrom in the light most favorable to the party opposing the motion—in this case, the

plaintiff. *Matsushita Elec. Indus. Co. v. Zendith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The sufficiency of the evidence at summary judgment is guided by the "substantive evidentiary standard of proof that would apply at the trial on the merits." *Id.* at 252. Because the instant case is governed by the preponderance of the evidence standard, this court must ask itself "whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." *Id.* at 252. This does not mean that the evidence must dictate a verdict for plaintiff; rather, a genuine issue of material fact exists if there is sufficient evidence, beyond a "mere scintilla," that a jury *could* return a verdict for plaintiff. *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also, e.g.*, *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 397 (6th Cir. 2007) ("The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party."). With regard to issues where the moving party will not bear the ultimate burden of proof at trial, "the burden on the moving party may be discharged by 'showing' ... that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to demonstrate the existence of genuine issues of material fact. *Id.* at 324. The nonmoving party demonstrates the existence of genuine issues of material fact by "going beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file ....' " *Id.* If the nonmoving party fails to meet this burden, the moving party is entitled to summary judgment.

-3-

# III.  ANALYSIS

## A.  Elements of Negligence

Plaintiff has sued Wal-Mart for negligence.  Because this court's jurisdiction is premised on diversity of citizenship, the court applies the law of Tennessee, the forum state. *See, e.g.*, *Rawe v. Liberty Mut Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006).  In Tennessee, "[i]n order to establish a prima facie claim of negligence, basically defined as the failure to exercise reasonable care, a plaintiff must establish the following essential elements: (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (quotation omitted).  The determinative question in the instant case is whether defendant owed plaintiff a legal duty of care.  This inquiry "is a question of law to be determined by the court." *McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996).

### 1.  Legal Duty

In Tennessee, while there is generally no duty for business to protect their customers from crimes occurring on their premises,

> a duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers on its premises are reasonably foreseeable, either generally or at some particular time.  In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm.

*McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1996).  Defendant focuses on the foreseeability of the crime, arguing that "the criminal attack in this case occurred in broad day light [sic], at 7:00 in the morning, and was not precipitated by any threats or altercations involving

the criminal actors." [Doc. 68 at 9 (internal quotation marks removed)]. Furthermore, defendant argues, there is "no evidence that there were prior purse snatching crimes at Wal-Mart where the criminal actors were on drugs and alcohol, and suddenly arrived in the Wal-Mart parking lot, or in the immediate vicinity of Wal-Mart." [*Id.* at 10-11].

With regard to foreseeability, while prior incidents of crime is not an absolute prerequisite, nevertheless,

> [a]s a practical matter, the requisite degree of foreseeability essential to establish a duty to protect against criminal acts will almost always require that prior instances of crime have occurred on or in the immediate vicinity of defendant's premises. Courts must consider the location, nature, and extent of previous criminal activities and their similarity, proximity, or other relationship to the crime giving rise to the cause of action.

*McClung*, 937 S.W.3d at 902.

Applying these standards, the court rejects defendant's argument that the crime was not foreseeable because of the drug use of Campbell and Sharp, the fact that the crime occurred in broad daylight, and the lack of precipitating events to alert anyone that crime was forthcoming. The Tennessee Supreme Court rejected a similar argument in *McClung*, where "[d]efendants claim[ed] they had no notice that Harper was likely to abduct plaintiff's wife, no reason to have anticipated the attack when it occurred, and no reasonable way to have prevented it." *McClung*, 937 S.W.2d at 903. The court rejected this argument due to "numerous reports of crime to police on or near defendants' premises," the location of defendants' premises in a high crime area, and the utilization by other major retailers in the vicinity of security measures. *Id.* at 904.

Similarly, in the instant case, the court finds that the numerosity of prior crimes committed on Wal-Mart's premises renders crime generally foreseeable. Defendant's argument "that there were no prior purse snatching crimes at Wal-Mart where the criminal actors were on drugs and alcohol, and suddenly arrived in the Wal-Mart parking lot" is simply too narrow a focus regarding

-5-

the nature of prior crimes. While the court must consider the nature of prior incidents of crime on Wal-Mart's premises and their similarity to the crime underlying the instant action, these are but two factors for the court to consider. Importantly, the court must also consider the location and extent of crimes, and accordingly the court finds that limiting its analysis to previous incidents where purses were stolen by criminal actors using drugs is far too narrow a focus. Rather, the court finds it appropriate to consider the range of criminal incidents, albeit accounting for their similarity to the instant underlying crime.

In any event, the court finds that a remarkably similar incident had occurred on Wal-Mart's premises just less than seven months prior to the incident at issue. At 9:22 A.M. on September 4, 2005, a caller to 911 reported that a white female with blonde hair jumped out of her vehicle, knocked the caller's wife down, and grabbed her purse out of the shopping cart. [Doc. 74-7 at 156]. This act also occurred in broad daylight, apparently without warning. While the victim was not dragged behind the vehicle, she was knocked down, which can certainly be a violent and harmful occurrence.

Moreover, the entirety of the 911 call sheet demonstrates multiple crimes happening on or around the Wal-Mart premises. To be sure, the nature of the incidents reported varies; however, the court must consider the range of crimes that occurred in the parking lot as a factor in determining whether a duty was owed. *See Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 90 n.3 (Tenn. 2000) (noting that the fact that "286 criminal incidents, ranging in severity, had occurred at the mall in the fourteen months preceding Ms. Staples' abduction" was a factor "to be weighed by courts"). It is clear that extensive amounts of crime occur in the parking lot, ranging from mere hit-and-run incidents to the more serious crime of theft from vehicles. [*See, e.g.*, Doc. 74-7 at 28 (car broken

into at 11:45 A.M.); *id.* at 45 (reporting theft of "vehicles and things from cars"); *id.* at 110 (hit and run); *id.* at 112 (hit and run); *id.* at 167 (caller reported being in parking lot where an individual threatened her and tried to run her over)]. These are but a few of the crimes occurring in the parking lot in the two-year period preceding the events at issue. Again, while the nature of certain of these crimes is perhaps less severe than the one at issue, nevertheless the court finds that the frequency with which crimes occurred in the parking lot is a significant factor, rendering it reasonably foreseeable that criminal acts would generally continue to occur. *See McClung v. Delta Square Ltd. P'ship*, 937 S.W.2d 891, 902 (Tenn. 1996) (setting standard as knowing "that criminal acts against its customers on its premises are reasonably foreseeable, *either generally* or at some particular time" (emphasis added)). In any event, it is especially significant that a similarly violent purse-snatching occurred less than seven months before the events at issue. The court therefore finds that Wal-Mart knew, or should have known, "that criminal acts against its customers are reasonably foreseeable, either generally or at some particular time." *Id.* at 899.

Simply because general crimes are foreseeable, however, does not dictate that a duty arises. Rather, the Tennessee Supreme Court has held that

> [i]n determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed.

*Id.* at 902. In balancing these considerations, the court considers various factors, including:

> the foreseeable probability of the harm or injury occurring; the possible magnitude of the potential harm or injury; the importance of social value of the activity engaged in by defendant; the usefulness of the conduct to defendant; the feasibility of alternative, safer conduct and the relative costs and burdens associated with that conduct; the relative usefulness of the safer conduct; and the relative safety of alternative conduct.

*Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000) (quoting *Coln v. City of Savannah*,

966 S.W.3d 34, 39 (Tenn. 1998)).

The court has found that crime in the Wal-Mart parking lot is highly foreseeable, and clearly the degree of harm to Barnard was great. Because crime is highly foreseeable in the Wal-mart parking lot, and, as demonstrated by the instant case, the harm is grave, the burden imposed on Wal-Mart "may be substantial." *McClung*, 937 S.W.2d at 902.

But it appears to the court that the burden on Wal-Mart of installing better security would indeed be relatively minimal. For example, Wal-Mart could employ an additional security guard patrolling the lot during the daytime hours or a person monitoring live feed of the cameras. Moreover, such examples are highly feasible to implement, and the usefulness of adding extra security is high. This is all the more so when measured against the foreseeability of crime and the gravity of harm experienced by plaintiff and other victims on the premises.

Accordingly, the court finds that Wal-Mart owed a legal duty to protect customers from criminal acts on its property. Specifically, the court finds that the foreseeability of crime and severity of harm, in contrast to the relatively minimal burden to Wal-Mart to protect against that harm, impose a duty on defendant Wal-Mart to take reasonable steps to protect its customers. The court emphasizes that it reaches this finding without commenting on the remaining elements of negligence, which will be discussed in greater detail below.

The court further notes that it has reached this finding without relying on certain evidence submitted by the plaintiff and contested by defendant. Specifically, in its reply brief, defendant objected on evidentiary grounds to the affidavit of Ms. Barnard [Doc. 74-1], the affidavit of Crystal Black [Doc. 74-2], and an internal report regarding crime prepared by a Wal-Mart in Florida [Doc. 74-5], all of which plaintiff had submitted in support of her response to defendant's motion.

Defendant objected that the affidavits contained improper hearsay and that Barnard's affidavit, testifying as to the contents of a videotape, was inadmissible under the best evidence rule. Defendant further objected to the internal report on the grounds that this court's focus with regard to defendant's duty is properly on defendant's premises and the immediate vicinity.

The court agrees that these materials are improper. First, "[u]nder Fed. R. Civ. P. 56(e), evidence submitted in opposition to a motion for summary judgment must be admissible. Hearsay evidence, as well as evidence which is irrelevant to the issue presented, must be disregarded." *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir. 1997) (internal citation omitted). The court agrees with defendant that the affidavits contain inadmissible testimony without having relied on the best evidence; inadmissible hearsay; and irrelevant information. Accordingly, the court has not relied on these submissions. Nevertheless, considering the remainder of the evidence, the court has found that Wal-Mart owed a duty to take reasonable steps to prevent crime on its premises.[1]

## 2. *Remaining Elements*

Having determined that defendant Wal-Mart had a duty in this case to take reasonable steps to protect its customers from the criminal act at issue on its property, the court finds that the remaining questions present genuine issues of material fact. Generally speaking, the remaining disputed elements of breach and causation (defendant having conceded that Barnard suffered injuries) are fact-specific inquiries to be determined by the jury. *Patterson-Khoury v. Wilson World Hotel-Cherry Road, Inc.*, 139 S.W.3d 281, 285 (Tenn. Ct. App. 2003) ("Once the court has determined that the defendant owes a duty to the plaintiff the questions of whether the defendant has

---

[1] In any event, because defendant, as the moving party, failed to satisfy the absence of a genuine issue of material fact, the evidentiary burden never shifted to the plaintiff.

-9-

breached his duty and thereby caused the plaintiff's injury are matters to be determined by the trier of fact."); *see also McClung*, 937 S.W.3d at 904-05 (noting that breach and causation are questions for the jury "to determine based upon proof presented at trial"). Moreover, the facts of the instant case are not of the unusual sort of which "the uncontroverted facts and inferences to be drawn from the facts make it so clear that all reasonable persons must agree on the proper outcome." *McClung*, 937 S.W.2d at 905. These issues must therefore be presented at trial for the jury to determine.

### B. Comparative Fault

Defendant further moves the court to declare as a matter of law that plaintiff is more than 50% at fault, having pleaded comparative fault as an affirmative defense. [Doc. 11 at 6, ¶6]. Defendant argues that Barnard's own negligence was greater to or equal to any negligence on its part because Barnard failed to heed the warnings reported in the radio report she heard just prior to arriving at Wal-Mart.

"In negligence cases, only after the element of duty is established does the comparative fault of the plaintiff come into play." *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 91 (Tenn. 2000). Tennessee follows the "49 percent rule" of comparative fault: "so long as a plaintiff's negligence remains less than the defendant's negligence [i.e. less than 50%] the plaintiff may recover; in such a case, plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). Accordingly, if a plaintiff's percentage of fault is greater than or equal to 50%, she may not recover.

The court finds that a genuine issue of material fact remains as to the extent, if any, of Barnard's fault. While it is plausible that Barnard was negligent in attempting to assist Campbell and Sharp, it is not the case that "reasonable minds could not differ that her fault was equal to or

great [sic] than that of the defendants." *Staples*, 15 S.W.3d at 91-92. Accordingly, the court finds that the percentage of fault attributed to Barnard, if any, is a fact-intensive inquiry properly left to the jury. *Staples*, 15 S.W.3d at 92 ("Because reasonable minds can differ on the reasonableness of Ms. Staples' actions and the extent of her fault, a jury should have decided the questions of fact relevant to this issue ...."); *see also, e.g.*, *Biegas v. Quickway Carriers, Inc.*, ___ F.3d ___, 2009 WL 2191452, at *6 (6th Cir. July 24, 2009) (finding that under Michigan's comparative fault law, because "both parties bear responsibility for some substantial portion of the fault," case was not the sort of "exceptional negligence case" appropriate for summary judgment). Because the percentage of fault, if any, apportioned to Barnard presents a genuine issue of material fact, defendant's motion for summary judgment is further denied in that respect.

### C.      Mr. Barnard's Consortium Claim

Finally, having found that defendant Wal-Mart owed Barnard a legal duty of care and that all remaining issues present questions of material fact to be determined by the jury, defendant's motion for summary judgment with regard to the late Mr. Barnard's claim for loss of consortium must likewise be denied. Indeed, defendant has conceded that "loss of consortium is dependent upon the injured spouse's ability to maintain and recover against the defendant for said physical injuries." [Doc. 68 at 19 (citing *Tuggle v. Alright Parking Sys.*, 922 S.W.2d 105, 108-09 (Tenn. 1996)]. Accordingly, having found that Ms. Barnard's claims against Wal-Mart must be presented to the jury, Mr. Barnard's claims must follow suit.

### IV.    CONCLUSION

For the foregoing reasons, the court finds that Defendant Wal-Mart Stores East, L.P.'s Motion for Summary Judgment does not meet its burden of demonstrating the absence of genuine

issues of material fact.  Accordingly, the motion [Doc. 67 ] is **DENIED**.

The parties shall prepare the case for trial.

**IT IS SO ORDERED**.

**ENTER:**


_____s/ Thomas W. Phillips_____
United States District Judge